UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Case No.: 1:22-cv-21963**

MANUEL PEREZ, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SYMMETRY FINANCIAL GROUP, LLC d/b/a THE PRITCHETT AGENCY,

    Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Symmetry Financial Group, LLC pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes Plaintiff's Complaint in the above-styled action from the Circuit Court for the Eleventh Judicial Circuit of Florida on the following grounds:

1. Plaintiff Manuel Perez commenced a civil action against Defendant on May 16, 2022, in the Circuit Court for the Eleventh Judicial Circuit of Florida, captioned: *Manuel Perez v. Symmetry Financial Group, LLC d/b/a The Pritchett Agency*, Civil Action No. 2022-008971-CA-01 (the "State Court Action"). Pursuant to Sections 1331, 1367, 1441, and 1446 of Title 28 of the United States Code, Defendant removes this case to the United States District Court for the Southern District of Florida, the Judicial District in which the State Court Action is pending.

2. Removal of this action is proper because the Complaint asserts federal question causes of action over which this Court has original jurisdiction.

3. Plaintiff has specifically asserted claims for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.*

4. Plaintiff also asserted a state law claim under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120 (effective July 1, 2021). Because Plaintiff's FTSA claim arises out of a common nucleus of operative fact as his TCPA claims, this Court also has supplemental jurisdiction over the FTSA claim. 28 U.S.C. § 1367(a); *Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011) ("A district court may also exercise supplemental jurisdiction over state-law claims that form part of the federal 'case or controversy,' or, more specifically, 'arise out of a common nucleus of operative fact with a substantial federal claim.'") (citations omitted).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Plaintiff served Defendant on June 6, 2022, and Defendant filed the instant Notice not more than thirty (30) days after service.

6. Venue is appropriate because the United States District Court for the Southern District of Florida is the Judicial District in which Plaintiff's State Court Action is pending.

7. As required by 28 U.S.C. § 1446, a copy of all process and pleadings in the State Court Action is attached hereto as "**Exhibit A**."

8. Pursuant to 28 U.S.C. § 1446(d), a removal notice, together with a copy of the instant Notice of Removal, shall be filed with the clerk in the Circuit Court for the Eleventh Judicial Circuit of Florida.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Circuit Court for the Eleventh Judicial Circuit of Florida to the United States District Court for the Southern District of Florida.

Respectfully submitted, this 27th day of June, 2022.

**KABAT CHAPMAN & OZMER LLP**

*/s/ Matthew A. Keilson*
Ryan D. Watstein
Florida Bar Number 093945
rwatstein@kcozlaw.com
Matthew A. Keilson
Florida Bar Number 1002294
mkeilson@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

This certifies that I have this day filed the foregoing DEFENDANT'S NOTICE OF REMOVAL with the Court, which was also served on all attorneys of record by U.S. Mail and e-mail.

Dated: June 27, 2022

*/s/ Matthew A. Keilson*
Matthew A. Keilson